## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GEORGE SISK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 2:13-cv-122-WTL-WGH |
| | ) | |
| MICHAEL OSBURN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

**II.**

**A.**

Plaintiff George Sisk at all relevant times was an inmate confined at the Wabash Valley Correctional Facility ("Wabash Valley"). He names 14 defendants. He alleges violations of his First, Fourteenth and Eighth Amendment rights. He seeks compensatory and punitive damages. His claims are necessarily brought pursuant to 42 U.S.C. § 1983.

Sisk's complaint must be dismissed for failure to state a claim upon which relief can be granted for the following reasons:

● Claims for damages against the defendants in their official capacities are **dismissed** based on Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is

barred by the Eleventh Amendment). The official capacity claims are **dismissed** with prejudice.

- Sisk alleges that defendants Robert Bugher and Superintendent Richard Brown violated his First and Fourteenth Amendment rights by failing to comply with an order to withhold portions of his inmate trust account to make payments toward the filing fee in 1:12-cv-864-JMS-MJD. That Order Directing Withholding and Forwarding of Inmate Funds is triggered when the plaintiff's account exceeds ten dollars and there is income in a preceding month. Even if Sisk's income should trigger the withholding provision but no payments have been forwarded, there is no *constitutional* violation. The claims against Mr. Bugher and Superintendent Brown are **dismissed** for failure to state a claim upon which relief can be granted.

- Sisk alleges that his First Amendment rights were violated when as a result of mail not being delivered to him, his appeal of a habeas petition in No. 12-3222 (appeal of No. 2:12-cv-0021-WTL-WGH) was dismissed for failure to prosecute. He asserts this claim against library clerk Miss Hinton and legal adviser Miss Watkins. The court takes judicial notice of the fact that Sisk's habeas petition was dismissed on May 31, 2012. The Entry and Judgment dismissing the case were inadvertently mailed by the Court to the wrong address and the mail was returned to the Court undelivered. Ultimately, the Court re-sent the entries to Sisk at Wabash Valley. He was allowed additional time to file his notice of appeal. No harm befell Sisk as a result of the Court's failure to send the entries to the correct facility in the first instance. Contrary to Sisk's allegation, his appeal was denied for failure to pay the filing fee and the basis for the denial of his request to proceed on appeal *in forma pauperis* would not have changed had there been no problems with his mail. Any First Amendment claims asserted against Miss Hinton and Miss Watkins are **dismissed** for failure to state a claim upon which relief can be granted.

●      Sisk alleges that on March 15, 2013, Sgt. Parcell and Sgt. Arnold and four other officers moved him to a cell that had bugs "everywhere," including on the bed, toilet, sinks and tables. He was given rags and cleaning liquid to clean the cell. He requested that the officers videotape the cell, but that request was denied. Sisk is entitled to be housed under humane conditions and provided with "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). To support an Eighth Amendment conditions of confinement claim, Sisk must allege that he suffered a sufficiently serious constitutional deprivation and that the defendants acted with deliberate indifference to the conditions of his confinement. The circumstances alleged by Sisk do not rise to the level of a constitutional violation. Sisk alleges no bites or other injuries, he was provided cleaning materials, and the length of time at issue was not excessive. (He signed his complaint on March 24, 2013). *See Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996) (inmate stated a claim for inhumane conditions of confinement when pest infestation spanned sixteen months and caused physical harm). This claim is **dismissed** for failure to state a claim upon which relief can be granted.[1]

●      Sisk further alleges that he has submitted grievances concerning the bug problem but has received no response. He alleges that counselor Charlie Dugan denied his request for more grievance forms. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). "[A]ny right to a grievance procedure is a

---

[1]This claim is also improperly joined because Rule 20 of the *Federal Rules of Civil Procedure* allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence, and 2) common questions of fact and law will arise as to all defendants. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits ….").

procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli,* 81 F.3d at 1430 (internal citations omitted). Because Sisk had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through 42 U.S.C. ' 1983. This claim is **dismissed** for failure to state a claim upon which relief can be granted.

● Sisk makes no factual allegations of misconduct on the part of Deputy Commissioner Michael Osburn, Alan Hancock, F. Stefancik, Officer Brown, Officer Blue, Officer Hoop, and Officer White. Such claims are **dismissed** for failure to state a claim upon which relief can be granted because without allegations of wrongdoing, no viable claim can be asserted. In addition, any claims brought against these defendants based on their supervisory positions are **dismissed** for failure to state a claim upon which relief can be granted. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

**B.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008). That is the situation here. Sisk has alleged no viable claim against any defendant.

Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _05/10/2013_

Distribution:

George Sisk
No. 944137
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana